NOTICE
Decision filed 08/25/21. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2021 IL App (5th) 170434-U

NO. 5-17-0434

IN THE

NOTICE
This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Fayette County. |
| | ) | |
| v. | ) | No. 16-CF-167 |
| | ) | |
| WILLIAM FRAKES, | ) | Honorable |
| | ) | Kevin S. Parker, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

JUSTICE WELCH delivered the judgment of the court.
Presiding Justice Boie and Justice Cates concurred in the judgment.

**ORDER**

¶ 1    *Held*: Because the trial court did not, in response to the defendant's *pro se* posttrial claims of ineffective assistance of counsel, conduct an inquiry into such allegations pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984), and its progeny, we remand with directions for the court to conduct further proceedings.

¶ 2    This is a direct appeal from the circuit court of Fayette County. At a jury trial, the defendant, William Frakes, was convicted of three counts of child pornography. On June 9, 2017, he was sentenced to a total of 18 years' imprisonment. The defendant raises four points on appeal: (1) he received ineffective assistance of counsel when his trial counsel elicited inadmissible hearsay testimony and failed to object to inadmissible hearsay

1

evidence at trial; (2) the State failed to prove him guilty beyond a reasonable doubt; (3) the trial court violated Illinois Supreme Court Rule 431(b) (eff. July 1, 2012) by failing to ask the potential jurors during *voir dire* whether they understood and accepted all four principles set forth in *People v. Zehr*, 103 Ill. 2d 472 (1984); and (4) the court erred in failing to conduct an inquiry into his *pro se* posttrial allegations of ineffective assistance of counsel.

¶ 3    We agree with the defendant's last argument and find this case must be remanded for an adequate inquiry into his *pro se* claims of ineffective assistance of counsel pursuant to *People v. Krankel*, 102 Ill. 2d 181 (1984).  Because we find this issue meritorious and dispositive, we need not address the remaining issues.

¶ 4                                    I. BACKGROUND

¶ 5    On July 18, 2016, the State charged the defendant with three counts of child pornography (720 ILCS 5/11-20.1 (West 2016)).  In February 2017, following a three-day jury trial, the defendant was found guilty on all three counts.

¶ 6    On April 3, 2017, the defendant filed a posttrial motion.  In the April 5, 2017, presentence investigation report (PSI) and accompanying statements from the defendant, it was noted that the defendant wanted to testify on his own behalf at trial, and he begged his trial counsel to allow him to testify and to put on defense witnesses.

¶ 7    On April 11, 2017, prior to the sentencing hearing, the defendant sent a letter to the trial court, which stated:

>    "I'm sorry to be sending this to you, but I don't know who else to tell.  I have found out that my attorney *** has been advising my wife *** on her

2

divorce again[st] me.[1] I couldn't understand why [my attorney] would not put on testimony and allow me to testify. I had several witnesses and even asked him several times to get a[n] independent expert to check that phone. I even told [him] several times I wanted to take a polygraph. *** [During the State's case at trial], I was telling him that was wrong. He would not question them. [He] told me after the State was done that we had the case won. He told me that YOU told him he was doing a great job and that he had talked to [the jury]. [T]hat we don't have to put on a[ny] witnesses. In fact we got into a[n] argument over putting on my witnesses and me testifying. He told me, 'I'm your attorney, shut up and let me do my damn job.' Now I know why [he] has been advising my wife in the divorce. He had told her to keep postponing the divorce until my trial was over (please check the court records on the divorce case). He has been advising her about getting my retirement after my sentencing. He has been trying to get me to sign a power of attorney to my wife, even though I keep telling him no! My wife has paid him money to do all the things. I told him several times NOT to discuss my case or the plea deal that the State offered with my wife. But he did anyway. I beg you to please look into the dates on the divorce that were changed and my court dates."

¶ 8    At the April 13, 2017, hearing, the trial court noted that it had received the defendant's letter. The defendant requested to speak, but the court indicated that it was going to hear first from his counsel, then the State, and then he could speak. Defense counsel stated that he had spoken to the defendant and, based on their conversation, he would be filing a motion to withdraw. He also indicated that the defendant had retained other counsel and requested a continuance of the sentencing hearing. The court then asked the defendant if that was correct, and the defendant indicated that it was. The court asked the defendant if he had any objection to his attorney withdrawing, and the defendant stated, "No. I have actually fired him. I don't want him as my attorney." The defendant also identified his new attorney.

---

[1]At the same time as his trial, the defendant and his wife were getting a divorce. She was one of the State's witnesses at his criminal trial.

¶ 9    On April 19, 2017, defense counsel filed a motion to withdraw, stating that a conflict had arisen between him and the defendant, which caused an irretrievable breakdown in the attorney-client relationship.  At the May 2, 2017, hearing on the motion to withdraw, the trial court, after confirming that the defendant had no objection, granted the motion and allowed counsel to withdraw.  The court then acknowledged the entry of appearance filed by Monroe McWard as the defendant's new counsel.

¶ 10    At the June 9, 2017, sentencing hearing, the defendant's new counsel indicated that he was adopting the previously filed posttrial motion.  The trial court denied the motion and proceeded to the sentencing hearing.  After considering the evidence presented at trial, the PSI report, the financial impact of incarceration, the evidence in aggravation and mitigation, and the defendant's statement in allocution, the court sentenced the defendant to seven years' imprisonment on count I, seven years' imprisonment on count II, and four years' imprisonment on count III, all to be served consecutively.

¶ 11    Thereafter, the defendant filed a first motion to reconsider, arguing that his sentence was excessive.  At the September 13, 2017, hearing on the motion to reconsider, the trial court denied the motion, finding that it had considered the appropriate factors in mitigation and aggravation when deciding the defendant's sentence.  On October 11, 2017, the defendant filed a second motion to reconsider, requesting a new trial where his three convictions for child pornography were based on the same physical act.  At the October 24, 2017, hearing on the second motion to reconsider, the court denied the motion, finding that the three images constituted separate offenses.  The defendant appeals.

¶ 12                                    II. ANALYSIS

¶ 13     On appeal, the defendant argues that the trial court erred in failing to implement the procedural safeguards required by *Krankel* when he raised his allegations of ineffective assistance of counsel.  He asks that we remand for the trial court to conduct an inquiry into those allegations.  The State concedes that the allegations raised in the defendant's letter were sufficient to trigger a *Krankel* inquiry, the court failed to conduct the preliminary inquiry into those allegations, and the mere substitution of the defendant's counsel without the inquiry does not satisfy *Krankel*.  Thus, the State agrees that we should remand with instructions that a preliminary *Krankel* inquiry be conducted.

¶ 14     Pursuant to *Krankel* and its progeny, when a defendant raises a *pro se* posttrial claim of ineffective assistance of counsel, the following procedure (commonly referred to as a preliminary *Krankel* hearing) must be conducted to determine whether new counsel should be appointed.  *People v. Jolly*, 2014 IL 117142, ¶ 29.  The trial court should first examine the factual basis of defendant's claim.  *People v. Reed*, 2018 IL App (1st) 160609, ¶ 49.  If, after a preliminary inquiry, the court finds that the claim lacks merit or pertains only to trial strategy, the court is not required to appoint new counsel and can deny defendant's claim.  *Id*.  However, if the allegations show possible neglect of the case, new counsel should be appointed to represent defendant at the second-stage hearing.  *Id*.  Defendant's new counsel then represents him at an adversarial hearing on the ineffective assistance claims.  *Id*.

¶ 15     If the trial court has failed to conduct any inquiry into defendant's allegations, the case should be remanded for the trial court to carry out the preliminary *Krankel* inquiry, so defendant has the opportunity to specify and support his complaints against counsel.

*People v. Moore*, 207 Ill. 2d 68, 79 (2003); *Reed*, 2018 IL App (1st) 160609, ¶¶ 51-53. Allowing trial counsel to withdraw and appointing new posttrial defense counsel does not satisfy *Krankel* procedure. *Reed*, 2018 IL App (1st) 160609, ¶ 51. There must be some type of inquiry into the underlying factual basis, if any, of defendant's *pro se* posttrial allegations of ineffective assistance of counsel. *Id.* During this preliminary inquiry, some interchange between the trial court and trial counsel regarding the facts and circumstances surrounding the ineffective assistance allegations is permissible, and usually necessary, to assess whether any further action should be taken. *Moore*, 207 Ill. 2d at 78. The court's inquiry can include any of the following: (1) the court may simply ask trial counsel questions about the facts and circumstances surrounding defendant's allegations, (2) the court can engage in a brief discussion with defendant, or (3) the court can base its evaluation on its personal knowledge of defense counsel's performance at the trial and the insufficiency of defendant's allegations on their face. *Id.* at 78-79. The goal of a *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* claims of ineffective assistance of trial counsel and potentially limit issues on appeal. *Jolly*, 2014 IL 117142, ¶ 29. Therefore, the main concern for the reviewing court is whether the trial court adequately inquired into defendant's posttrial allegations of ineffective assistance of trial counsel. *Reed*, 2018 IL App (1st) 160609, ¶ 51.

¶ 16    Here, it is undisputed the trial court did not conduct an inquiry into the defendant's complaints about his trial counsel's performance. Thus, the only question is whether the defendant's allegations were sufficient to trigger the court's duty to conduct a preliminary inquiry. The State concedes that the defendant raised a clear claim of ineffective assistance

6

of counsel where he alleged that his trial counsel was simultaneously advising his wife, who testified against him, in their divorce action; would not allow him to testify; did not call certain witnesses to testify on his behalf at trial; did not retain an independent expert; did not have him take a polygraph examination; and told him that, after speaking with the trial court and the jury, there was no need to put on witnesses in his defense. We accept the State's concession and find that these allegations were sufficient to trigger the court's duty to conduct a preliminary *Krankel* inquiry. Since the court failed to conduct the required inquiry into the defendant's allegations, the matter must be remanded. See *Moore*, 207 Ill. 2d at 81 (explaining the failure to conduct a preliminary *Krankel* inquiry precludes appellate review of defendant's claim).

¶ 17 Because this matter must be remanded to allow the trial court to conduct a preliminary *Krankel* inquiry, we decline to address the defendant's other claims on appeal. See *People v. Bell*, 2018 IL App (4th) 151016, ¶ 37 (the goal of the *Krankel* proceeding is to facilitate the trial court's full consideration of a defendant's *pro se* allegations and potentially limit issues on appeal). Depending on the result of the preliminary *Krankel* inquiry, the defendant's other claims may become moot. We direct appellate counsel to provide copies of their briefs to the trial attorneys and trial judge on remand. See *id.*

¶ 18                              III. CONCLUSION

¶ 19 For the foregoing reasons, we remand the cause to the circuit court of Fayette County with directions that the trial judge conduct a proper inquiry into the defendant's *pro se* posttrial claims of ineffective assistance of counsel.

7

¶ 20    Remanded with directions.